GUIDRY, J.,
concurs and assigns reasons.
hi concur in the majority’s determination that relator has made a sufficient showing to warrant a full evidentiary hearing on whether, in the absence of the material exculpatory evidence within the possession of the State, relator received a fair trial resulting in a verdict worthy of confidence. See State v. Marshall, 94-0461, pp. 12-17 (La. 9/5/95), 660 So.2d 819, 825-27. Relator has identified too many similarities between the instant victim’s description of the man who raped her and another man who allegedly committed at least one similar rape in the same vicinity and during roughly the same time frame to determine without an evidentiary hearing whether there is a substantial likelihood relator was misidentified by the victim. Although the State asserts relator’s trial counsel was aware of the allegedly exculpatory information regarding this viable alternative suspect, this fact, if true, does not resolve the question of whether relator received a fair trial because such an assertion would suggest that trial counsel, who also represented the other man, may have labored under an actual conflict of interest. In any case, even if trial counsel had some knowledge of the other rapes, the State remained under the obligation set forth in Brady to disclose any and all exculpatory evidence to the defense. Accordingly, I agree that a prompt and full evidentiary hearing on these issues is merited.